PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.2730
tom@plglawfirm.com

Attorney for Plaintiff,
DANIEL SOLIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SOLIS; <br><br>         Plaintiff, <br><br>   vs. <br><br> BALBOA THRIFT AND LOAN ASSOCIATION, EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 to 10, inclusive, <br><br>       Defendants. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** <br><br> **1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]** |

## COMPLAINT FOR DAMAGES
### I.    INTRODUCTION

    1.    Daniel Solis (hereinafter "Plaintiff"), brings this action to secure redress from Balboa Thrift and Loan Association and Experian Information Solutions, Inc. (hereinafter collectively as "Defendants"), for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC § 1681 et. seq.

///

///

## II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## III.    PARTIES

4.    Plaintiff is a natural person who resides in Ontario, San Bernardino, California 91761. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a).

5.    Defendant, Balboa Thrift and Loan Association (hereinafter "Balboa"), is a domestic corporation, headquartered at 865 Amena Court, Chula Vista, California 91910. Defendant's registered agent for service of process is Greg Hafif, 269 W. Bonita Avenue, Claremont, California 91711.

6.    Balboa is a direct banking and financial institution. Balboa is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Defendant Balboa is a "person" as defined by 15 U.S.C. § 1681(a)(b), and a "reseller" as defined by 15 U.S.C. § 1681(a)(u).

7.    Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626. At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of

assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681(a)(f).

8.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9.      Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as its agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

10.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

11.     On or about November 22, 2008, Plaintiff purchased a 2007 Chevrolet Malibu LS from Mark Christopher Auto Center in Ontario, California.

12.     Plaintiff obtained a loan (hereinafter "the Loan") from Defendant Balboa in order to finance the vehicle he purchased under Account No. 201050209.

13.     Plaintiff thereafter made timely payments on the Loan for the duration of the Loan term.

14.     On February 28, 2013, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California, Case No. 6:13-bk-13548-WJ.

15.     Notwithstanding the filing of said bankruptcy petition, Plaintiff continued to make timely payments on the Loan.

16.     On May 31, 2013, Plaintiff filed a Reaffirmation Agreement with the United States Bankruptcy for the Central District of California in Case No. 6:13-bk-13548-WJ, in which he affirmed the original loan terms.

17.     Notwithstanding Plaintiff's reaffirmation of the loan, Balboa thereafter reported inaccurately and negatively reported that Plaintiff's account was "Discharge through Bankruptcy Chapter 7", that the "Debt [was] included in Chapter 7 Bankruptcy on June 10, 2013", to Experian by Balboa.

18.     Notwithstanding Plaintiff's Reaffirmation of the Loan, Defendant Balboa additionally failed to report to Experian that Plaintiff was making timely payments on the Loan.

19.     Plaintiff thereafter disputed this information with Experian.

20.     Notwithstanding Plaintiff's above-referenced dispute with the credit bureau, Defendant Balboa continues to negatively and inaccurately report that Plaintiff's account was "Discharge through Bankruptcy Chapter 7", that the "Debt [was] included in Chapter 7 Bankruptcy on June 10, 2013", to Experian by Balboa.

21.     To date, negative information reported by Balboa to Experian remains on Plaintiff's Experian report.

22.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations of the above disputes as

required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information, and has continued to report the derogatory information about Plaintiff.

23.    As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

24.    As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

25.    As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

26.    As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative tradeline entries appearing on Plaintiff's credit file.

///

///

## V.   COUNT I – FIRST CLAIM FOR RELIEF

## DEFENDANT BALBOA VIOLATED

## FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et. seq.*

27.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.   The FCRA requires a furnisher such as Balboa, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

29.   Within the last two years, defendant Balboa provided inaccurate information to the credit reporting agencies.

30.   Within the past two years, Plaintiff notified Experian that their reports concerning Balboa were inaccurate.  Thereafter, the credit reporting agencies notified Balboa that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

31.   Balboa violated sections 1681(n) and 1681(o) of the FCRA by engaging in the following conduct that violates 15 U.S.C. 1681 § s-2(b);

a.   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.   Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Balboa;

c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all the credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies;

g. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to the credit reporting agencies; and

h. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

32. In attempting to collect the aforementioned alleged debt, the Defendant, by and through its agents and employees, violated the provisions of the FCRA by furnishing information about Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant Balboa improperly reported the account as "Discharge through Bankruptcy Chapter 7" and that the "Debt [was] included in Chapter 7 Bankruptcy on June 10, 2013".

33. Balboa's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to

compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681(n).

## COUNT II – SECOND CLAIM FOR RELIEF

## DEFENDANT EXPERIAN VIOLATED

## FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq.*

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

36.    The Act further requires the credit reporting agency, within five (5) business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681(i)(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

37.    Within the two years preceding the filing of this complaint, Plaintiff notified the defendant credit reporting agencies of an inaccuracy contained in the reports and asked them to correct the inaccuracy.

38.     The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed.

39.     The defendant credit reporting agencies failed to review and consider all relevant information submitted by Plaintiff.

40.     The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information, and file, in violation of 15 U.S.C. § 1681(e)(b).

41.     Pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o), Defendants Experian is liable to the Plaintiff for engaging in the following conduct:

(a)     Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)     Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)     Willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d)     Willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f)     Willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g)     Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j)     Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

42.     As a result of the above-described violations of § 1681(i) and § 1681(e)(b), Plaintiff has sustained damages.

43.     The conduct of Defendants Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and, as a result, Defendant Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

///

///

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681(n) and 1681(o); and

e) Any other relief that this court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.


Dated: <u>July 17, 2014</u>                              RESPECTFULLY SUBMITTED,

                                                            PRICE LAW GROUP, APC


                                                            By: <u>/s/ G. Thomas Martin, III          </u>

                                                                   G. Thomas Martin, III
                                                                   *Attorney for Plaintiff*